UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EDWARD KOEHL,

                Petitioner,                              ORDER
                                                                           00-CV-6499 (NGG)

      v.

WARDEN, CLINTON CORRECTIONAL
FACILITY,

                Respondents
--------------------------------------------------------X
GARAUFIS, United States District Judge.

        Petitioner Edward Koehl has moved pursuant to Fed. R. Civ. P. 60(b) for relief from this court's Order of November 21, 2003 dismissing his petition for a writ of habeas corpus. Koehl asserts the judgment dismissing his petition should be vacated because the integrity of his habeas proceeding was subverted by the substandard performance of his retained attorney, Harold Levy, Esq., in briefing Koehl's claims, and because the assigned ADA "knowingly and willfully defrauded this Court by submitting totally false and misleading statements." (Pet. Br. at 15.) Additionally, Koehl has moved pursuant to Fed. R. Civ. P. 53 for the appointment of a special master to investigate his allegations of wrongdoing by the District Attorney's Office. For the reasons set forth below, Koehl's motions are denied.

        First, Koehl's assertion that his lawyer's performance so subverted the habeas proceeding as to require the reconsideration of his claims is without merit. A petitioner moving under Rule 60(b) for relief from a prior judgment based on the substandard performance of counsel in the underlying habeas proceeding cannot simply argue that his counsel's performance was deficient; rather, he "must show that his lawyer agreed to prosecute [his] case, abandoned it, and

consequently deprived the petitioner of any opportunity to be heard at all." Harris v. United States, 374 F.3d 74, 81 (2d Cir. 2004). Koehl does not assert that Mr. Levy abandoned his case, but rather that he litigated it poorly. Such a claim is insufficient to warrant Rule 60(b) relief.

Koehl's attempt to recast the State's legal arguments as to why the various communications between Florida and New York did not start the speedy trial clock under the Interstate Agreement on Detainers as "lies" which "subverted" his habeas proceedings is similarly unavailing. While the belated discovery of documents that were not produced to the habeas court by the government may provide a basis for reopening a habeas proceeding, see Mickens v. United States, 333 F. Supp. 2d 44 (E.D.N.Y. 2004), Koehl does not point to the existence of any relevant document that was not presented to this court during his original habeas proceeding because of the government's alleged misfeasance. Rather, Koehl simply seeks to denigrate the arguments put forth by the State as to the significance of the documents in the record—arguments which were credited by the New York courts, by this court in its November 21, 2003 Order, and finally by the Second Circuit—as "fabrications." These conclusory and unfounded attacks do not provide a remotely sufficient basis to warrant the reopening of this case, let alone the extraordinary remedy of the appointment of a special master under Rule 53.

Accordingly, Koehl's motions for relief are denied. This case shall remain closed.

SO ORDERED.

Dated: September 12, 2005         _____/s/_____
       Brooklyn, N.Y.        Nicholas G. Garaufis
       United States District Judge