UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWARD KOEHL,

                       Petitioner,                              ORDER
                                                                             00-CV-6499 (NGG)
   v.

WARDEN, CLINTON CORRECTIONAL
FACILITY, DANNEMORA, NEW YORK

                       Respondent.
----------------------------------------------------------------X
GARAUFIS, United States District Judge.

      Petitioner Edward Koehl has moved for reconsideration of this court's Order dated September 12, 2005 denying Koehl's motion made pursuant to Fed. R. Civ. P. 60(b) for relief from this court's Order of November 21, 2003 dismissing his petition for a writ of habeas corpus. For the reasons set forth below, Koehl's motion for reconsideration is DENIED.

      In his underlying Rule 60(b) motion, Koehl contested the State's argument that various communications between Florida and New York did not start the speedy trial clock under the Interstate Agreement on Detainers ("IAD"). Specifically, Koehl claimed that the State's filings contained "lies" which "subverted his habeas proceeding." (Petitioner's Memorandum of Law in Support of Petitioner's Application for Relief Pursuant to Fed. R. Civ. P. Rule 60(b) ("Pet. Mem.") at 26.) After a review of the record, this court found that Koehl had failed to present a relevant document "that was not presented to this court during his original habeas proceeding because of the government's alleged malfeasance." (See Order dated 9/12/05.) Koehl now

1

moves for reconsideration of his motion based on his submission of a photocopy of his IAD paperwork which has been certified by Malinda Graham of the Florida Department of Corrections. In his underlying habeas petition, Koehl submitted the same documents without certification. (See May 28, 2003 Petitioner's Pro Se Supplemental Brief, Exhibit 12.)

Koehl has not identified any issues of law or fact that require a different outcome in this case. A motion for reconsideration may be granted only on the grounds that the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

With these governing standards in mind, it is clear that Koehl's motion must be denied. Koehl's motion simply rehashes the arguments presented to the court in his original opposition papers, namely that various communications between Florida and New York did not start the speedy trial clock under the IAD. He relies on IAD paperwork which he previously submitted to this court, and which was reviewed and considered as part of his underlying habeas petition. The resubmission of these documents does nothing to advance Koehl's argument that the court had inaccurate information upon which it evaluated Koehl's habeas petition due to alleged malfeasance by the government. (See Pet. Mem. at 15.) Thus, there is nothing in Koehl's

motion for reconsideration to suggest that the court's Orders dated November 21, 2003 and September 12, 2005 were clearly erroneous or manifestly unjust.  See Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

Furthermore, while it is true that the initial exhibit was not a certified copy, the State did not challenge its authenticity, nor did this court discredit it because it lacked official certification. Rather, the papers were duly considered as part of Koehl's motion.  Because a motion for reargument is not properly a vehicle for repeating "arguments already briefed, considered and decided," Schinberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990), Koehl provides no argument based in law or fact which would require this court to overturn its earlier conclusion that Koehl failed to demonstrate any actual malfeasance by the State.

This court therefore reaffirms its Orders dated November 21, 2003 and September 12, 2005.  The instant motion for reconsideration of this court's denial of Koehl's Rule 60(b) motion is DENIED.


SO ORDERED.


Dated: March 2, 2007                                  /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                                Nicholas G. Garaufis
                                                     United States District Judge